United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 19, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————————

No. 03-31210

(Summary Calendar)

————————————

DESIRE AREA RESIDENT COUNCIL; ET AL,

Plaintiffs,

STANLEY PRICE,

Plaintiff - Appellant.

versus

HOUSING AUTHORITY OF NEW ORLEANS; ET AL,

Defendants

HOUSING AUTHORITY OF NEW ORLEANS,

Defendant - Appellee

----------------------------------------------------------------------------------

STANLEY PRICE,

Plaintiff - Appellant

versus

DEBORAH DAVIS, in Her Capacity as President of Desire Area Resident Council; BONNIE
ROGERS, in Her Capacity as Treasurer of Desire Area Resident Council; MARGRET MCMILLAN,

in Her Capacity as Secretary for the Desire Area Resident Council; CHARLES E. COTTON, Attorney of Record; CATHERINE LAMBERG, HOUSING AND URBAN DEVELOPMENT Administrator; LORI MOON, Dr, HOUSING AND URBAN DEVELOPMENT Administrator Receiver; KEITH DOLEY,

Defendants - Appellees

---

Appeal from the United States District Court
For the Eastern District of Louisiana
USDC No. 01-CV-3156

---

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Stanley Price ("Price"), proceeding pro se, appeals from the district court's dismissal of all of his claims in this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Price's amended complaint alleges violations of his constitutional rights under the First Amendment , the Due Process and Equal Protection clauses of the United States Constitution and violations of statutory rights under the Housing and Urban Development Act of 1937, Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1965, as amended, pursuant to 42 U.S.C. §§ 1983 and 1985. The district court granted the defendants' motion to dismiss on all claims.[1]

This court reviews the grant of a Rule 12(b)(6) motion *de novo*. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 585 (5th Cir. 1999). Dismissal should be affirmed only if "it appears beyond

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1] Price also alleged violations of a Louisiana criminal statute. *See* La. Rev. Stat. 14:134. Price does not brief this issue on appeal, and we accordingly treat it as waived.

a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). We examine only the allegations of the complaint, accepting all well-pled allegations as true and liberally construing any ambiguities in favor of the appellant. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

Price's appellate brief does not address the district court's ruling on his Title VII claim, and we accordingly treat that issue as waived. After reviewing Price's amended complaint, we agree with the district court that, taking all of the allegations in his complaint as true, it appears beyond a reasonable doubt that Price can prove no set of fact in support of his claims that would entitle him to relief.

Accordingly, the district court's grant of defendants' motion to dismiss is AFFIRMED. All outstanding motions in the case are DENIED.